UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:07-CV-292

**CHERYL S. HALL and**
**JUDITH A. SMITH, on behalf of themselves**
**and all others similarly situated**                                    **PLAINTIFFS**

**V.**

**BAPTIST HEALTHCARE SYSTEM, INC.,**
**RESTATED RETIREMENT PLAN, and**
**BAPTIST HEALTHCARE SYSTEM**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion to dismiss by the Defendants, Baptist Healthcare System, Inc., Restated Retirement Plan (the "Plan") and Baptist Healthcare System ("BHS"). The Plaintiffs, Cheryl S. Hall ("Hall") and Judith A. Smith ("Smith"), have brought this action under the Employment Retirement Income Security Act of 1974 ("ERISA") to recover retirement plan benefits allegedly denied them. The Defendants argue that the Plaintiffs' complaint should be dismissed because the Plaintiffs have failed to exhaust their administrative remedies and because the applicable statute of limitations has expired. For the following reasons, the Defendants' motion is **GRANTED**.

### I. FACTS

The Plaintiffs were participants in the Baptist Healthcare System Retirement Plan. The Plaintiffs received their benefits under the Plan in a lump-sum distribution on or about August 1, 1995. According to the Plaintiffs, these lump-sum distributions were less than that to which they were entitled under the Plan.

The BHS Retirement Plan provides its participants with a comprehensive process for claims

for benefits and appeals of any adverse decisions. (DN 7, Attach. 4). Section 6.3 of the Plan sets forth the Plan's basic claims procedure. This section of the Plan provides as follows:

> The Pension Committee shall interpret the Plan and shall determine all questions arising in the administration, interpretation, and application of the Plan. All such determinations shall be final, conclusive and binding except to the extent that they are appealed under the following claims procedure. In the event that the claim of any person to all or any part of any payment or benefit under this Plan shall be denied, the Pension Committee shall provide to the claimant, within sixty (60) days after receipt of such claim, a written notice setting forth, in a manner calculated to be understood for the claimant:
>     (a) the specific reason or reasons for the denial;
>     (b) specific references to the pertinent Plan provisions on which the denial is based;
>     (c) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
>     (d) an explanation of the Plan's claim procedure.
> Within sixty (60) days after receipt of the above material, the claimant shall have a reasonable opportunity to appeal the claim denial to the Pension Committee for a full and fair review. The claimant or his duly authorized representative may:
>     (a) request a review upon written notice to the Pension Committee;
>     (b) review pertinent documents; and
>     (c) submit issues and comments in writing.
> A decision by the Pension Committee will be made not later than sixty (60) days after receipt of a request for review, unless special circumstances require an extension of time for processing, in which event a decision will be rendered as soon as possible, but in no event later than one hundred and twenty (120) days after such receipt. The Pension Committee's decision on review shall be written and shall include specific reasons for the decision, written in a manner calculated to be understood by the claimant, with specific references to the pertinent Plan provisions on which the decision is based. (Id.)

In 2001, the Plaintiffs sent letters to BHS requesting copies of the BHS Benefits Plan, documents relied upon by BHS in calculating their benefits, and copies of the claims and appeals procedure for the Plan. (DN 10, Attach. 1). On May 24, 2002, after the Plaintiffs had received the requested information, they filed claims alleging that their benefits had been calculated incorrectly and that they were owed additional pension benefits. (DN 8, Attach. 2). It appears that BHS denied

these claims in July 2002. The Plaintiffs took no further action at that time. Then, on February 14, 2007 and May 16, 2007, the Plaintiffs sent letters to BHS requesting certain information regarding their benefits. (DN 7, Attach. 2-3). On June 8, 2007, the Plaintiffs filed a second claim with BHS, again challenging the amount they had received in their 1995 lump-sum distribution. (DN 8, Attach. 3) On that same day, they brought this action in district court.

## II. CONVERSION OF MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 12(b) provides that a motion to dismiss for failure to state a claim, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); see also Shelby County Health Care Corp. v. Southern Council of Industrial Workers, 203 F.3d 926, 931-933 (6th Cir. 2000).

The Defendant initially sought dismissal of the Plaintiff's complaint on the grounds that the 2007 claims asserted therein had not been exhausted. In response to the Defendants' motion to dismiss, and in an obvious effort to avoid dismissal, the Plaintiffs introduced and relied upon documents outside the pleadings to show that the claims had been denied in 2002 and that the claims should be "deemed" exhausted due to the legally deficient denial notices. Specifically, the Plaintiffs introduced letters dated in 2002 stating their claims for additional benefits and the Defendant's subsequent denials. (DN 8, Attach. 2, 5). The Defendant then replied that if the Court was inclined to consider matters outside the pleadings, the claims must fail since the Plaintiffs did not appeal the denials in 2002 in the time frame required by the Plan.

Because the Court intends to consider this evidence, the Court notified the parties that it intended to treat the Plaintiff's motion to dismiss as a motion for summary judgment and instructed them to submit all pertinent materials. (DN 12). The parties have so complied and the matter is now ripe for consideration as a motion for summary judgment.

### III. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252. It is against this standard that the court reviews the following facts.

## IV. ANALYSIS

In the Sixth Circuit, ERISA plan beneficiaries must exhaust administrative remedies prior to bringing suit for recovery on an individual claim. See, e.g., Hill v. Blue Cross & Blue Shield, 409 F.3d 710, 717 (6th Cir. 2005 )(citing Costantino v. T.R.W., Inc., 13 F.3d 969, 974 (6th Cir. 1994)). A plaintiff who does not timely appeal the administrative denial of her claims has not exhausted her administrative remedies and cannot do so. Wilson v. Bellsouth Telecomms., Inc., 97 Fed. Appx. 36 (6th Cir. 2004); Gayle v. UPS, Inc., 401 F.3d 222, 226 (4th Cir. 2005); Gallegos v. Mt. Sinai Med. Ctr., 210 F.3d 803, 808 (7th Cir. 2000);Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998).

Here, the Plaintiffs do not dispute that they failed to administratively appeal the denial of their claims in 2002 within the 60-day limit set forth in the BHS Retirement Plan. (See DN 7, Attach. 4, Section 6.3). Rather, they argue that they should be "deemed" to have exhausted the administrative process since BHS sent legally deficient denial letter. The Plaintiffs contend that they should be deemed to have exhausted their administrative remedies because the denial letters sent to the Plaintiffs in 2002 by BHS failed to explain 1) what information was necessary for the Plaintiffs to perfect their claims; and 2) what additional levels of administrative review were available. The federal regulations implementing ERISA do require that an adverse benefit determination set forth both "a description of any material or information necessary for the claimant to perfect the claim," 29 C.F.R. § 2560.503-1(g)(iii), and "a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review." 29 C.F.R. § 2560.503-1(g)(iv). The regulations additionally provide that "[i]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant

5

shall be deemed to have exhausted the administrative remedies available under the plan...." 29 C.F.R. § 2560.503-1(l). In response to the first point, however, BHS explains that it did not request more information because none was needed. The Court accepts this argument. As to the second, BHS argues that it was not necessary for it explain in the denial letters how a claimant could seek further review since it had already sent the Plaintiffs copies of the BHS Retirement Plan, which explains how appeals can be taken in § 6.3. The Court also accepts this argument. Although the Sixth Circuit has never expressly considered 29 C.F.R. §2560.503-1(l), it has adopted the rule that plan administers need only "substantially comply" with ERISA's notice requirements to avoid remand. Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 436 (6th Cir. 2006). The Court sees no reason not apply the same "substantial compliance"standard to 29 C.F.R. §2560.503-1(l). To determine whether there is substantial compliance, a court is to consider "all communications between an administrator and plan participant to determine whether the information provided was sufficient under the circumstances." Id. In Moore, the court held that the defendant had substantially complied with the procedural requirements of ERISA where it had provided the claimant with a copy of its "Grievance Procedure" prior to issuing a denial letter. Id.

In 2002, the Plaintiffs here were represented by a pension recovery expert (the same individual who represents them now as legal counsel), who had requested and received information about how the Plaintiffs' benefits were calculated and about how they could appeal denials of their claims. Indeed, the Plaintiffs here do not attempt to argue that they did not understand the appeals process or know how to proceed with their claims. Their argument is simply that they should not have been required to appeal the denial of their claims since the letters were technically deficient. The Court rejects this argument and finds that the Defendants here, like the defendant in Moore,

6

substantially complied with the notice requirements of ERISA since BHS sent the Plaintiffs a copy of the BHS Retirement Plan which explained how to administratively appeal the denial of a claim. Accordingly, the Court declines to "deem" that the Plaintiffs have exhausted their administrative remedies. See also Wright v. Oneok Long Term Disability Plan, 2006 U.S. Dist. LEXIS 43077, *10-12 (N. D. Ok. 2006)("Plaintiff's contention that the Plan's failure to strictly comply with the notice requirements of section 1133 requires the Court to excuse plaintiff's failure to exhaust administrative remedies is not supported by judicial precedent.")

The Plaintiffs also argue that they should be deemed to have exhausted their administrative remedies because BHS violated federal regulations by failing to inform the Plaintiffs of their right to obtain information related to their claims. They cite to 29 C.F.R. 2560.503-1(h)(2) and (l). Section 2560.503-1(h)(2) provides:

> ...the claims procedure of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures –
> (iii) provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

However, by its plain language, § 560.503-1(h)(2) only requires that a plan's claim procedure state that a claimant will receive documents relevant to her claim at the claimant's request. This section does not require, as the Plaintiffs suggest, that denial letters inform claimants of their right to obtain information related to their claims.

Thus, the Court holds that because the Plaintiffs failed to exhaust their administrative remedies in 2002, they are now barred from asserting identical claims using the judicial process.

7

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** summary judgment in favor of the Defendants.  **IT IS SO ORDERED.**

cc: Counsel of Record