**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 3:07-CV-292**

**CHERYL S. HALL and**
**JUDITH A. SMITH, on behalf of themselves**
**and all others similarly situated**                                                   **PLAINTIFFS**

**V.**

**BAPTIST HEALTHCARE SYSTEM, INC.,**
**RESTATED RETIREMENT PLAN, and**
**BAPTIST HEALTHCARE SYSTEM**                                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Plaintiffs for the Court to reconsider its October 22, 2007 Memorandum Opinion and Order. (DN 18) Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiffs' motion is **DENIED**.

**I. LEGAL STANDARD**

The Plaintiffs have brought their Motion to Reconsider pursuant to Fed. R. Civ. P. 52(b)[1] and 59(e).[2] When a Rule 59 motion is made to alter or amend a judgment, it may be granted if "there is clear error of law, newly discovered evidence, an intervening change in controlling law, or in order to prevent manifest injustice." GenCorp, Inc. v. American International Underwriters, 178 F.3d. 804, 834 (6th Cir. 1999)(citations omitted). To constitute "newly discovered evidence," the evidence must have been previously unavailable. Id.

---

[1] Fed. R. Civ. P. 52(b) provides: "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

[2] Fed. R. Civ. P. 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

## II. ANALYSIS

Here, the Plaintiffs first argue that the Court made a clear error of law when it found that the Defendants' 2002 letters denying the Plaintiffs' claims for benefits substantially complied with ERISA. The Plaintiffs also argue that the Court erred when it held that the Plaintiffs had not established that it had been futile for them to pursue an administrative appeal. For the reasons set forth in its Memorandum Opinion and Order, the Court disagrees. (DN 16).

The Plaintiffs also argue that the Court erred when it dismissed their claims with prejudice. They point to Ravencraft v. UNUM Life Ins. Co. of Am. 212 F.3d 341 (6th Cir. 2000). In Ravencraft, the Sixth Circuit held that the plaintiff's claims should have been dismissed without prejudice since the dismissal was based solely on a failure to exhaust administrative remedies and not on the merits. Id. at 344. The Plaintiffs here, however, unlike the plaintiff in Ravencraft, filed suit long after the deadline for pursuing administrative remedies had expired and, thus, dismissal with prejudice is warranted. Dismissal without prejudice is only appropriate whenever a claim for benefits can still be brought and that is impossible here. See, e.g., Gayle v. UPS, Inc., 401 F.3d 222, 230 (4th Cir. 2005); Harris v. Pepsi Bottling Group, Inc., 438 F.Supp. 2d 728, 734 (E.D. Ky. 2006).

## III. CONCLUSION

For the foregoing reasons, the Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record